**COGBURN LAW OFFICES**
ANDREW L. REMPFER, ESQ.
Nevada Bar No. 8628
alr@cogburnlaw.com
JAMIE S. COGBURN, ESQ.
Nevada Bar No. 8409
jsc@cogburnlaw.com
9555 S. Eastern Ave., Suite 280
Las Vegas, Nevada 89123
Tel: (702) 384-3616
Fax: (702) 943-1936
Attorneys for ORLANDO GREEN

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ORLANDO GREEN,<br><br>                    Plaintiff,<br><br>vs.<br><br>AGGREGATE INDUSTRIES MANAGEMENT, INC., a Maryland corporation; SOUTHERN NEVADA PAVING, INC., d/b/a "SOUTHERN NEVADA READY MIX"; REGAL MATERIALS, INC., a Nevada corporation, d/b/a "REGAL READY MIX"; DOE individuals I through X inclusive; ROE CORPORATIONS I through X, inclusive.<br><br>                    Defendants. | Case No:<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff Orlando Green, by and through his counsel of record, Cogburn Law Offices, hereby files his *First Amended Complaint* as follows.

**THE PARTIES**

1.      Plaintiff Orlando Green was, at all times relevant, a resident of the State of Nevada.

2.      Upon information and belief, Defendant Aggregate Industries Management, Inc. is a Maryland-based corporation and the parent company of both Regal Materials Inc. and Southern Nevada Paving, Inc. Upon information and belief, Aggregate Industries Management, Inc. does business in the State of Nevada through its subsidiaries but is not registered to conduct business in the State of Nevada.

3. At all relevant times, Regal Materials Inc. was a Nevada corporation registered and licensed to do business in the State of Nevada.

4. At all relevant times, Southern Nevada Paving, Inc. was a Nevada corporation registered and licensed to do business in the State of Nevada.

5. Upon information and belief, Southern Nevada Paving, Inc. owns Regal Materials, Inc.

6. Upon information and belief, Southern Nevada Paving and/or Regal Materials do business in Nevada as "Southern Nevada Ready Mix" and/or "Regal Ready Mix."

7. At all relevant times, Green was employed as a concrete truck driver by Regal Materials, Inc. in the State of Nevada.

8. Defendants Aggregate Industries Management, Inc., Regal Materials, Inc. and Southern Nevada Paving, Inc. are employers within the meaning of the American With Disabilities Act, as amended, 42 U.S.C. § 12103(5) *et. seq*. Defendants are engaged in an industry affecting commerce or in the production of goods for commerce.

9. Upon information and belief, Defendants are registered and licensed to do business in the State of Nevada and the unlawful employment practices alleged were committed within the State of Nevada.

10. As an employer with more than 500 employees, Defendants are required to comply with all state and federal statutes and laws prohibiting discrimination because of disability.

11. DOE Defendants I through X, inclusive, and ROE Corporations I through X, inclusive, are persons, corporations or business entities who are or which may also be responsible for or who directed or assisted in the wrongful actions of the named Defendants. The true identities of the DOE and ROE defendants are unknown to Green at this time. Green therefore alleges that DOE and ROE defendants may be responsible in part for damages suffered by Green as a result of their own wrongful actions and/or of those of their agents and/or employees. Green will seek leave to amend this Complaint as soon as the true identifies of the DOE and ROE defendants is revealed to him.

## JURISDICTION AND VENUE

12. This action is brought pursuant to the American with Disabilities Act (hereafter "ADA"), 42 U.S.C. § 12101 *et. seq*.

13. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331.

14. This action also arises out of claims arising out of Nevada's anti-discrimination statutes, N.R.S. § 613.330 as well as claims arising under the common law of the State of Nevada. These claims are so related to the claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution. As such, these claims are properly within the Court's jurisdiction pursuant to 28 U.S.C. § 1367(a).

15. Green filed his Charge of Discrimination with the United States Equal Employment Opportunity Commission in a timely fashion on July 7, 2009.

16. Green received his Right to Sue Letter on April 2, 2010, less than ninety days prior to filing his original Complaint, which was filed on June 10, 2010. As such, Green satisfied all administrative and jurisdictional conditions precedent to filing this action.

17. Venue is proper in the District of Nevada, its unofficial southern district, pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices were committed in and arose in the District of Nevada.

## GENERAL ALLEGATIONS

18. Green was hired by "Regal Ready Mix" as a Truck Driver in April 2007.

19. In late January or early February 2008, Green had been instrumental in Unionizing his workplace, Regal Ready Mix, *i.e.*, the drivers at Regal Ready Mix are now Union members, entitled to the benefits of a collective bargaining agreement.

20. On February 13, 2008, Green suffered a workplace injury.

21. Shortly thereafter, Green filed a worker's compensation claim with Defendants' worker's compensation carrier.

22. After the drivers obtained Union status, Defendants laid-off the six other drivers who voted for Unionization, including Green who, by that time, was on placed on light duty by his treating physician due to his workplace injury.

23. As a result of his workplace injury, Green had a disability as defined by the ADA in that he had severe back injuries that impaired a major life activity: working.

24. Defendants knew Green needed an accommodation.

25. Defendants did not engage in the accommodation process with Green, as required by the ADA.

26. After Green succeeded in Unionizing the drivers, in June 2008, Defendants brought back all the laid-off drivers except for Green, who was also the only driver who suffered a workplace injury.

27. Defendants' refusal to recall Green, *i.e.*, their termination of Green, was retaliation for Green filing a worker's compensation claim and/or for requesting a reasonable accommodation.

28. In fact, the Union Steward, Sam Bryant, was present when Defendants decided to recall everyone but Green. Bryant told Green that Defendants were bringing back all the laid-off drivers except for Green. Also present for the meeting between Defendants and the Union was the Union Representative, Dewey Darr.

29. In April 2009, Green was released to work by his Doctor. Defendants, however, refused to allow Green to return to work, *i.e.*, Defendants effectively permanently terminated him.

30. Defendants terminated Green because he had a disability, as that phrase is defeind by the ADA and/or because he filed a worker's compensation claim.

31. Defendants violated the ADA and/or Nevada law by refusing to accommodate Green's disability and terminating Green because: of his disability; and, for filing a worker's compensation claim.

/ / /

/ / /

**FIRST CLAIM FOR RELIEF**
(Violation of the ADA)

32. Green repeats and realleges each and every allegation above as if fully set forth herein.

33. Green was unable to perform the essential functions of his job without an accommodation.

34. Green had a disability as defined by the ADA.

35. Green requested a reasonable accommodation, namely that he be given light duty until the severity of his workplace injury was determined.

36. Defendants knew or recognized Green needed an accommodation.

37. Defendants refused and/or failed to engage in the accommodative process with Green as required by the ADA.

38. Green was not given any reasonable accommodation.

39. Defendants' termination and/or refusal to provide a reasonable accommodation to Green violated the ADA.

40. Defendants terminated and refused to recall Green to work in retaliation for Green seeking a reasonable accommodation.

41. Defendants' acts constitute a violation of the ADA.

42. As a direct and proximate cause of Defendants' violations, Green has been damaged in an amount to be determined at trial.

43. Green has been forced to procure the services of an attorney to represent him in this matter and, pursuant to 42 U.S.C. § 12205, Green is entitled to his attorneys' fees as a result of Defendants' acts.

44. Green is entitled to both compensatory and punitive damages because of Defendants' violations of the ADA

45. Furthermore, Defendants' actions were malicious, oppressive, fraudulent and/or done with reckless indifference to Green's rights, thus justifying an award of punitive damages.

/ / /

## SECOND CLAIM FOR RELIEF
**(Retaliatory Discharge – Nevada law)**

46. Green repeats and realleges each and every allegation above as if fully set forth herein.

47. Defendants terminated and/or did not recall Green to work because he filed a worker's compensation claim.

48. Defendants claimed they recalled employees on the basis of seniority. However, Green had just as much, or more, seniority than other drivers who were recalled.

49. Defendants' actions were retaliatory and contrary to Nevada public policy.

50. As a direct and proximate cause of Defendants' acts, Green has been damaged in an amount to be determined at trial.

51. Defendants' actions were malicious, oppressive, fraudulent and/or done with reckless indifference to Green's rights, thus justifying an award of punitive damages.

52. Green has been forced to procure the services of an attorney in this matter and Green is thus entitled to an award of attorneys' fees as a consequence.

## PRAYER FOR RELIEF

Wherefore, Green prays for relief against Defendants as follows:

1. For a trial by jury;
2. For compensatory and punitive damages;
3. Prejudgment interest;
4. Reasonable attorneys' fees and costs; and
5. Such other relief the Court deems just.

///
///
///
///
///
///

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), 42 U.S.C. § 1981a(c)(1), and the Seventh Amendment to the United States Constitution, Green hereby demands a jury trial.

Dated this 28th day of June 2010.

Respectfully Submitted,


By: /s/ Andrew L. Rempfer, Esq.
COGBURN LAW OFFICES
ANDREW L. REMPFER, ESQ.
Nevada Bar #8628
JAMIE S. COGBURN, ESQ.
Nevada Bar #8409
Attorneys for Plaintiff ORLANDO GREEN